1

2   Helmut Kah                                      Honorable Samuel J. Steiner, Judge
    Attorney at Law                                 Hearing Location: Seattle Courtroom 8206
3   Woodinville, WA  98072-9001                     Hearing Date:  February 26, 2010
      Phone: 425-949-8357                           Hearing Time:  9:30 a.m.
4     Fax:    425-949-4679                          Response Date: February 19, 2010
      Cell:   206-234-7798
5     Email: helmut.kah@att.net

6

7

8

9                UNITED STATES BANKRUPTCY COURT FOR THE
                     WESTERN DISTRICT OF WASHINGTON
10

11  In re:                                          **CHAPTER 7 BANKRUPTCY**

12  JACK CARLTON CRAMER, JR.,                       **Case No. 09-15167-SJS**

13                          Debtor.                 **DEBTOR'S RESPONSE TO
                                                    MOTION FOR RELIEF
14                                                  FROM STAY**

15                              **I. Introduction**

16        COMES NOW the Debtor, Jack C. Cramer, Jr., by and through his attorney Helmut Kah, and

17  hereby responds to the Motion for Relief from Stay filed by Litton Loan Servicing which is scheduled

18  for hearing on Friday, February 19, 2010.

19        Before the court is a motion for relief from the automatic stay of § 362(a) to enforce a deed of

20  trust on the Debtor's residence.

21
          The motion is brought by the law firm of Routh Crabtree Olsen, P.S., in the name of
22
    "Residential Funding Real Estate Holding, LLC through its servicing agent Litton Loan Servicing, LP
23
    its successors in interest, agents, assigns and assignors ("Creditor")"
24
          The motion is neither brought in the name of the real party in interest, nor by anyone with

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: 206-234-7798
Email: helmut.kah@att.net
Washington Bar # 18541

standing, therefore the motion for relief from stay should be DENIED.

For the sake of clarity and style, the moving parties herein are referred to as follows:

Litton Loan Servicing, LP:  "Litton"

Residential Funding Real Estate Holding, LLC: "RFREH"

**II. Summary**

The motion for relief from stay is supported solely by the affidavit of a person identified as

Nancy Rexford, Bankruptcy Specialist for Litton Loan Servicing.  Attached to her two-page declaration

are unauthenticated copies of:

1.   Adjustable rate note dated December 22, 2001, Lynnwood, Washington, providing for an initial interest rate of 11.50% adjustable to a maximum rate of 17.5%;

2.   Adjustable rate mortgage note addendum dated December 22, 2001;

3.   Note Allonge reciting "pay to the Order of PRISM MORTGAGE COMPANY" purportedly signed by one Ronald Barzano, Assistant Vice President, Mortgage Market, Inc., an Oregon Corporation;

4.   Note Allonge reciting "pay to the Order of COUNTRYWIDE HOME LOANS, INC." purportedly signed by one Ronald Barzano, Assistant Vice President, Prism Mortgage Company, an Illinois Corporation, on which appears what looks like a rubber stamp endorsement in blank by Countrywide Home Loans, Inc.;

5.   Deed of Trust dated December 22, 2000 in favor of Mortgage Market, Inc., an Oregon Corporation (as "Lender"); the beneficiary is identified as Mortgage Electronic Registration Systems, INC. ("MERS"), a Delaware Corporation, solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns, with an adjustable rate rider.

The motion mentions the automatic stay, touches upon issues of standing, real party in interest,

holder, holder in due course, and note indorsed in blank.  It mentions the Debtor's bankruptcy filing, the

Debtor's alleged default, provides an estimate of the obligation, mentions other liens and the value of

the property, argues that "Creditor" is entitled to relief under § 362(d)(1) & (d)(2), and request that this

Court enter an order terminating the stay, and asks that the provisions of F.R.B.P. 4001(a)(3) be waived.

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell:  206-234-7798
Email:  helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**
Page 2 of 9

The Creditor's proposed order includes provisions that are neither requested nor argued for in the motion.

No evidence is provided, nor is any assertion even made, regarding Litton's authority to act for the holder of the note, beyond the unelaborated statement that the motion is brought by Litton as servicing agent for RFREH.

Debtor objects to Litton's motion on the basis that neither Litton nor RFREH are shown to be the holder of the promissory note nor the real party in interest and, therefore, have no standing to bring this motion.

Furthermore, the Creditor has submitted no evidence whatsoever in support of the factual assertions made under Sections V and VI of the motion.

### III. Issues

#### A. Real Party in Interest

Is a "servicing agent" the real party in interest in whose name a relief from stay motion may be brought?

#### B. Standing

Do either Litton or RFREH have standing to seek relief from stay to enforce Debtors' deed of trust?

### IV. Analysis

#### A. Real Party in Interest

The motion names the moving party as "Residential Funding Real Estate Holding, LLC through its servicing agent Litton Loan Servicing, LP its successors in interest, agents, and assignors ("Creditor")".

Who is the party bringing this motion?  Is it Residential Funding Real Estate Holding, LLC?  Is

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell:  206-234-7798
Email:  helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**
Page 3 of 9

it Litton Loan Servicing, LP? Or is it some combination of either or both entities' or their "successors in interest, agents, and assignors"?

The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced. It follows that orders granting relief from stay must do so to the holder of the obligation to be enforced - not the servicer or others, or the collective "Creditor" as in the proposed order submitted by movant.

**B. <u>Standing</u>**

Litton has submitted no evidence that it is authorized to act for whomever holds the note, or that RFREH is the holder of the note. These deficiencies put the "Creditor"'s standing in question, See *In re Parrish*, 326 B.R. 708, 720-21 (Bankr. N.D. Ohio 2005). The Court has an independent duty to determine whether it has jurisdiction over matters that come before it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). The Court must determine whether Litton Loan Servicing as agent for Residential Funding Real Estate Holding, LLC (or "Creditor") has standing to seek relief from stay.

**1. <u>Law</u>**: For a federal court to have jurisdiction, the litigant must have constitutional standing, which requires an injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551 (1996).

> [T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. Standing doctrine embraces several judicially self-imposed limits on the exercise of federal raising another person's legal rights . . . . . . . .
>
> Typically . . . The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.

*Allen v. Wright*, 468 U.S. 737, 750-52 (1984) (citations omitted). Constitutional standing, predicated

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: 206-234-7798
Email: helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**
Page 4 of 9

on the "case or controversy" requirement of Article III of the Constitution, is a threshold jurisdictional

requirement, and cannot be waived. *Pershing Park Villas Homeowners Ass'n v. United Pacific Ins.*

*Co.*, 219 F.3d 895, 899-900 (9th Cir. 2000).

A litigant must also have "prudential standing," which stems from rules of practice limiting the

exercise of federal jurisdiction to further considerations such as orderly management of the judicial

system. *Pershing Park*, 219 F.3d at 899-900; *In re Godon*, 275 B.R. 555, 564-565 (Bankr. E.D. Cal.

2002) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).

Generally, a party without the legal right under applicable substantive law to enforce the

obligation at issue, or pursuing an interest outside those protected by the law invoked or abstract

questions more appropriately addressed legislatively, lacks prudential standing. *Doran v. 7-Eleven,*

*Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).

Under the Bankruptcy Code, a party seeking relief from stay must establish entitlement to that

relief. § 362(d); see *In re Hayes*, 393 B.R. 259, 266-267 (Bankr. D. Mass. 2008). Foreclosure agents

and servicers do not automatically have standing, *In re Scott*, 376 B.R. 285, 290 (Bankr. D. Idaho

2007); *Hwang*, 396 B.R. at 767, and must show authority to act for the party which does.

In Washington, only the holder of the obligation secured by the deed of trust is entitled to

foreclose. RCW 61.24.005(2) defines "beneficiary" under a deed of trust as the holder of the instrument

or document evidencing the obligations secured by the deed of trust. See also *Fidelity & Deposit Co.*

*Of Maryland v. Ticor Title Ins. Co.*, 88 Wash. App. 64, 943 P.2d 710 (1997). Having an assignment

of the deed of trust is not sufficient, id. At 68-69, because the security follows the obligation secured,

rather than the other way around. This principle is neither new nor unique to Washington:

> [T]ransfer of the note carries with it the security, without any formal assignment or
> delivery, or even mention of the latter.

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: 206-234-7798
Email: helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**
Page 5 of 9

*Carpenter v. Longan*, 83 U.S. 271, 275 (1872).

It follows that, to have standing, RFREH must establish that it is the holder of Debtors' note and Litton must establish its authority to act for the holder of Debtors' note.

**2. <u>Evidence</u>**: Some courts require, and this court should require, that a party moving for stay relief provide admissible evidence tracing the identity of the various holders and servicers of the mortgage or deed of trust in question, and the holders of the note evidencing the underlying obligation. See *Hayes*,393 B.R. at 269; and *Parrish*, 326 B.R. at 720-21.  The Court does not need to do that here because the Creditor's proof neither shows who presently holds Debtor's note nor its own authority.

While business records may provide the necessary proof, this exception to the hearsay rule requires that the records

 (1)    be made at or near the time by, or from information transmitted by, a person with knowledge;

 (2)    pursuant to a regular practice of the business activity;

 (3)    kept in the course of regularly conducted business activity; and

 (4)    the source, method, or circumstances of preparation must not indicate lack of trustworthiness.

These elements must be established by the testimony of a custodian or other qualified witness, and the documents must be authenticated. *In re Vinhnee*, 336 B.R. 437, 444 (9th Cir. BAP 2005). Specifically, "the record being proffered must be shown to continue to be an accurate representation of the record that originally was created." *Id.*; FRE 901(a).

A declarant authenticating business records must be qualified.  The bare assertion that one works for the company and is familiar with its recordkeeping procedures is not sufficient: "there needs to be enough information presented to demonstrate that the person is sufficiently knowledgeable about

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell:  206-234-7798
Email:  helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**

the subject of the testimony." *Vinhnee*, 336 B.R. at 448 (citation omitted). The testimony must contain

information warranting the conclusion that the proffered records are what they purport to be. Id.

The only evidence which Litton has submitted is the declaration of one of its bankruptcy

specialists named Nancy Rexford.  The initial paragraph of the declaration reads:

> "I am employed as a Bankruptcy Specialist for Litton Loan Servicing LP the
> loan servicing agent ("Servicer") for  Residential Funding Real Estate
> Holding, LLC ("Creditor"). I am familiar with the process by which Servicer
> maintains its loan records.  I am competent to review loan records and
> evaluate status based upon those records. I personally know that the records
> kept are in the course of regularly conducted business and are a matter of the
> business routine.  Entries in the records are made at or near the time of the
> event recorded by or with information from a person with knowledge of the
> event recorded."

Declaration of Nancy Rexford in Support.

Ms. Rexford makes no claim that any of the matters to which she testifies are matters found

within the business records of her employer, Litton Loan Servicing, or for that matter, the records of

Litton's principal, Residential Funding Real Estate Holding, LLC.  (RFREH)

It is patently obvious that declarant Rexford has no admissible basis for her inadmissible legal

conclusions and hearsay statements, including the following:

- "[O]n December 22, 2000, the debtor executed and delivered a Note to Mortgage Market, Inc." [hearsay not within the business record exception]

- "The Note represents the debtor's promise to pay $272,000.00 to Mortgage Market, Inc." [a legal conclusion which the bankruptcy specialist is not qualified to express]

- "Mortgage Market, Inc., specially indorsed the Promissory Note to Prism Mortgage Company." [hearsay not within the business record exception]

- "Prism Mortgage Company specially indorsed the Promissory Note to Countrywide Home Loans, Inc." [hearsay not within the business record exception]

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell:  206-234-7798
Email:  helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**
Page 7 of 9

1

- "Countrywide Home Loans, Inc. indorsed the Promissory Note in blank." [hearsay not
2      within the business record exception]

3
- "Creditor is now the holder of the Original Promissory Note executed by the debtor on
4      December 22, 2000." [a legal conclusion]

5      Significantly, no business records of Litton or RFREH are actually proffered as evidence in

6   support of the motion. Declarant Rexford merely recounts her conclusions.  She doesn't even claim to

7   be a custodian of any of the unidentified records she states she has reviewed.

8      When was bankruptcy specialist Rexford hired by Litton?  When did Litton become the servicer

9   for RFREH?  When and from whom did RFREH, or Litton for that matter, acquire any of the records

10  bankruptcy specialist Rexford purports to have reviewed?  Specifically, which documents and entries in

11  the purported records did she review and why should we believe that said documents qualify as

12  business records of Litton?

13     Debtor hereby objection to admissibility of bankruptcy specialist Rexford's formulaic recitation

14  in attempts to satisfy FRE 901(a).  Nothing meaningful is stated regarding the declarant's qualifications

15  to authenticate business records or the reliability of those records in this instance.  She doesn't even

16  identify which records she has consulted.

17     Which of the matters she recounts does she knows to be true of her own knowledge?  Which did

18  she gain from someone's business records?

19     Bankruptcy specialist Rexford does not assert that either RFREH, or Litton, is in possession of

20  the original promissory note.  Nor does she assert that the unauthenticated copy attached to her

21  declaration is a copy of the original rather than merely a copy of a copy which, based on its appearance,

22  is plainly what it is. If it is merely a copy of a copy, then who has possession of the original?

23

24

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell:  206-234-7798
Email:  helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**

1

2          Nothing in the record establishes Litton's authority to enforce the Debtors' note, for whomever

3     holds it, and thus to foreclose the deed of trust.  The declaration states that Litton Loan Servicing is

4     "servicing agent," a term with no uniform meaning, and no definition cited.

5          At a minimum, there must be an unambiguous representation or declaration setting forth the

6     servicer's authority from the present holder of the note to collect on the note and enforce the deed of

7     trust.  If questioned, the servicer must be able to produce and authenticate that authority.

8          Debtor hereby questions Litton's authority to collect the note and enforce the deed of trust.

9          Litton has not shown that (1) Residential Funding Real Estate Holding, LLC, is holder of the

10    Debtor's note, nor (2) that it has standing to bring the motion for relief from stay or authority to act for

11    whomever does.

12                                    **V. CONCLUSION**

13         The motion for relief from stay should be denied.

14

15         Debtor should be awarded his attorney fees in the amount of $2,000.00 for having to respond to

16    this motion.

17         DATED this 19th day of February, 2010.

18

19

20                                    /s/  Helmut Kah
                                      Helmut Kah, WSBA # 18541
21                                    Attorney for the Debtor

22

23

24

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell:  206-234-7798
Email:  helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY**