**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE    (425) 458-2121
FACSIMILE    (425) 458-2131

Honorable Judge Samuel J. Steiner
Chapter 7
Hearing Location: Seattle
Hearing Date: March 26, 2010
Hearing Time: 9:30 AM

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>JACK CARLTON CRAMER, JR<br><br>Debtor. | Chapter 7 Bankruptcy<br><br>No.: 09-15167-SJS<br><br>REPLY TO DEBTOR'S RESPONSE TO MOTION FOR RELIEF |

COMES NOW, Residential Funding Real Estate Holding, LLC ("Creditor") through its servicing agent Litton Loan Servicing, LP, by and through its counsel of record Routh Crabtree Olsen and replies to the Response of Jack Carlton Cramer, Jr ("Debtor" herein) to Creditor's Motion for Relief from Stay.

### I.  Creditor is the Real Party in Interest

The motion for relief from stay at issue was brought on behalf of "Residential Funding Real Estate Holding, LLC through its servicing agent Litton Loan Servicing, LP." Residential Funding Real Estate Holding, LCC is the current holder of the original promissory Note executed by Debtor on December 22, 2000. *Affidavit in Support of Motion for Relief from Stay,* ¶ 3. As holder of the Note, Creditor has the right to enforce the obligation pursuant to R.C.W. 62A.3-301 and is therefore the "real party in interest." Creditor has employed Litton Loan Servicing, LP ("Litton" or "Servicer") to service the loan.   Litton, as the servicing agent for Residential Funding Real Estate Holding, LLC, has the right to enforce the obligation on behalf of the Creditor. *Affidavit in Support of Motion for Relief from Stay,* ¶ 3. Litton is included as a "movant" because Litton is the servicing

REPLY TO DEBTOR'S RESPONSE TO MOTION
FOR RELIEF
Page - 1

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 09-15167-SJS    Doc 34    Filed 03/24/10    Ent. 03/24/10 17:28:31    Pg. 1 of 5

agent with whom Debtor has been dealing with (e.g. sending statements, receiving payments, etc.). However, and contrary to Debtor's assertion, the motion for relief was brought in the name of the real party in interest and holder of the note: Residential Funding Real Estate Holding, LLC.

## II. Debtor Offers No Evidence to Support the Objection

Although Debtor calls into question Creditor's "standing" to bring the motion for relief from stay, Debtor offers no evidence to show that Creditor does not have possession of the original Note or that Litton lacks authority to service the loan on behalf of the Creditor. However, Debtor's Schedule D, submitted under penalty of perjury, lists both Litton Loans Servicing and Residential Funding Company, LLC as secured Creditors. Further, no other party has appeared to claim ownership of the note, the right to enforce the obligation, or the right to service the loan. Creditor, however, has submitted evidence demonstrating its right to enforce the Note by filing an affidavit, signed by its servicing agent, and a copy of the original Note showing the indorsement history.

Debtor offers no actual evidence to controvert Creditor's assertion that it has the right to enforce the obligation, and moreover, Debtor has failed to explain the basis for the Objection, which contradicts Debtor's sworn schedules. Therefore, Debtor's objection should be overruled.

## III. The Affidavit and Exhibits Submitted in Support of Creditor's Motion are Admissible

Contrary to Debtor's assertion, Creditor's affidavit in support of the motion for relief from stay does not contain any inadmissible hearsay. As an employee of the serivcing agent, the affiant Nancy Rexford has personal knowledge that Litton is servicing the loan on behalf of the Creditor and has personal knowledge of Litton's business records. Based on the affiant's assertion that she is familiar with the process by which Litton maintains its loan records, that she is competent to review Litton's loan records, and has personal knowledge that the records are kept in the course of regularly conducted business, it follows that the matters to which Ms. Rexford testifies are found within Litton's records. Therefore, the testimony of Nancy Rexford is admissible in accordance with Fed. R. Evid. 803 (6).

REPLY TO DEBTOR'S RESPONSE TO MOTION FOR RELIEF
Page - 2

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 09-15167-SJS    Doc 34    Filed 03/24/10    Ent. 03/24/10 17:28:31    Pg. 2 of 5

Also contrary to Debtor's assertion, the copy of the original Note and Deed of Trust are properly authenticated as required by Fed. R. Evid. 901. Creditor's affidavit indicates that the copies of the Note and Deed of Trust attached as Exhibits to the motion for relief from stay are "true and correct copies." *Affidavit in Support of Motion for Relief from Stay,* ¶ 3-4. As an employee of the servicing agent retained by the Creditor to service the Note, the affiant has personal knowledge that the copies of the Note and Deed of Trust are true and correct.

Further, the copies of the Note and Deed of Trust are admissible to the same extent as the original documenets unless "(1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. Debtor does not allege that the documents are inauthentic and Debtor fails to demonstate how he would be prejudiced by the submission of the copies in lieu of the originals.

### IV. Debtor's Objection is Brougth in Bad Faith

Despite Debtor's admission of the debt, Debtor is past due for payments owed on and after May 5, 2001. Debtor has been permitted to retain the Property for nearly nine years without making any payments. Debtor fails to explain how a nine-year delinquency has accrued. In fact, as the exhibits reveal, Debtor defaulted on the loan within five months of its origination.

In addition, the history of loan case reveals that Debtor has taken advantage of every available opportunity to prevent Creditor from pursuing its state law remedies and enforcing its security interest. This is Debtor's thrid bankruptcy filing in this jurisdiction. *See* Case No. 05-24720-KAO and 99-04733-TTG. Creditor, or one of the previous note-holders, has been attempting to foreclose on the Property since 2004. Most recently, Creditor was forced to pursue a judicial foreclosure action in King County Superior Court under Case No. 08-2-03307-4SEA. On information and belief, Debtor filed his latest bankruptcy petition on the eve of Creditor filing a motion for summary judgment.

The circumstances of this case suggest that Debtor's objection was brought in bad faith only as an attempt to hinder and delay Creditor's rights. This is further substantiated by Debtor's

REPLY TO DEBTOR'S RESPONSE TO MOTION FOR RELIEF
Page - 3

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 09-15167-SJS    Doc 34    Filed 03/24/10    Ent. 03/24/10 17:28:31    Pg. 3 of 5

objection being in direct contravention to Debtor's own sworn schedules, which admit the debt is owed to Creditor.

### V. Debtor's Objection Raises Irrelevant Issues

The only issues that are relevant to a motion for relief from stay are the creditor's adequate protection, the available equity in the property, and the necessity of the property for an effective reorganization. 11 U.S.C. § 362. Other issues which can be raised in state court or as part of an adversary proceeding are irrelevant in evaluating a motion for relief from stay.

The delinquency on the loan totals approximately $310,299.36 and the total obligation owed to Creditor is over $600,000.00. The listed value of the Property, according to Debtor's swron schedules, is $411,000.00 and thus Creditor lacks adequate protection. In addition, Debtor filed for relief under Chapter 7 of the Bankruptcy Code, and thus, the granting of an order for relief from Stay will not adversely affect the prospects of reoganization.

If Debtor truly believes there is an issue as to the ownership of the Note or Creditor's right to enforce the obligation, then Debtor should bring an adversary proceeding or address those issues as part of a defense in the state court judicial foreclosure action. At this time, however, those issues are irrelevant and Creditor has demonstrated that it is entitled to relief based on its lack of adequate protection.

//

//

//

//

REPLY TO DEBTOR'S RESPONSE TO MOTION
FOR RELIEF
Page - 4

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 09-15167-SJS    Doc 34    Filed 03/24/10    Ent. 03/24/10 17:28:31    Pg. 4 of 5

**VI. Conclusion**

For all of the above reasons, Creditor is entitled to relief from stay. If Creditor's motion is denied, Creditor respectfully requests that the court order Debtor to resume the ongoing monthly loan payments to the court registry, with the consequence of failing to do so as cause to lift the stay.

DATED March 24, 2010.

**ROUTH CRABTREE OLSEN, P.S.**
Attorneys for Creditor


__/s/  Melissa Williams Romeo_____
By:  Melissa Williams Romeo, WSBA# 40644

REPLY TO DEBTOR'S RESPONSE TO MOTION
FOR RELIEF
Page - 5

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 09-15167-SJS    Doc 34    Filed 03/24/10    Ent. 03/24/10 17:28:31    Pg. 5 of 5