Helmut Kah  
Attorney at Law  
Woodinville, WA 98072-9001  
   Phone: 425-949-8357  
   Fax:    425-949-4679  
   Cell:    206-234-7798  
   Email: helmut.kah@att.net

Honorable Samuel J. Steiner, Judge  
Chapter 7  
Hearing Location: Seattle Courtroom 8206  
Hearing Date:   April 30, 2010  
Hearing Time:   9:30 a.m.  
Response Date:   April 23, 2010

# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| In re: | **CHAPTER 7 BANKRUPTCY** |
|---|---|
| JACK CARLTON CRAMER, JR., | **Case No. 09-15167-SJS** |
| Debtor. | **DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO ABANDON CLAIM** |

COMES NOW the Debtor, Jack C. Cramer, Jr., by and through his attorney Helmut Kah, and hereby responds to the Chapter 7 Trustee's Motion to Abandon Claim.

The undersigned can find no record and has no recollection of the trustee requesting documentation of the subject claim. To the best of my recollection, the claim was discussed and described at the creditor meeting.

**SUMMARY OF CLAIM**

The claim arises from Countrywide Home Loan, Inc.'s, (Countrywide) breach of the settlement agreement made between Countrywide and the debtor, Jack C. Cramer, Jr., on July 11, 2003, which was filed on August 7, 2003, in the case of Countrywide Home Loan, Inc., v. Jack C. Cramer, Jr., et al., King County Superior Court case no. 02-02-23019-9. A true copy of the settlement agreement is

**DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO ABANDON CLAIM**  
Page 1 of 3

**HELMUT KAH,** Attorney at Law  
16818 140th Avenue NE  
Woodinville, WA 98072-9001  
Phone: 425-949-8357  
Fax: 425-949-4679  
Cell: 206-234-7798  
Email: helmut.kah@att.net  
Washington Bar # 18541

Case 09-15167-SJS    Doc 38    Filed 04/23/10    Ent. 04/23/10 13:18:19    Pg. 1 of 3

attached hereto.

Pursuant to the settlement agreement, Countrywide was to clear all foreclosure reporting including collections, late payments, and delinquencies reporting from Mr. Cramer's credit bureau files from December 31, 2001 until the date of the settlement agreement, and Countrywide was not to alter any credit reporting that pertains to collections or delinquencies prior to the original Notice of Default dated December 31, 2001.  Specifically, paragraph 2 of the settlement agreement provides that

> *"Countrywide Home Loans, Inc. ("Countrywide") will clear all foreclosure including collections, late payments, and delinquencies reporting on Jack Cramer's ("Cramer") credit report from December 31, 2001 until the date of this agreement. Countrywide will not alter any credit reporting that pertains to collections or delinquencies prior to the original Notice of Default dated December 31, 2001. * * * "*

The purpose of this provision was to make it possible for Mr. Cramer to refinance at a substantially reduced rate of interest and monthly payment than was required under the then existing note and deed of trust.  However, Countrywide failed to clear the derogatory credit reporting as required by the settlement agreement.  As a result Mr. Cramer was unable to refinance, has been subjected to multiple foreclosure proceedings, and has been forced to file more than one bankruptcy case since 2003 to protect his homestead.

The debtor's claims and defenses against note and deed of trust at issue in the currently pending state court judicial foreclosure action are stated in his answer and affirmative defenses, a true copy of which is attached hereto.

Recently, in this, the court entered an order regarding the motion for relief from stay filed by an entity named Residential Funding Real Estate Holding, LLC, which asserted that it is the real party in interest and holder of the note and deed of trust upon the debtor's homestead.  The court may have

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: 206-234-7798
Email: helmut.kah@att.net
Washington Bar # 18541

**DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO ABANDON CLAIM**
Page 2 of 3

noticed the plaintiff in the currently pending state court judicial foreclosure action is a different entity named Residential Funding Company, LLC, than the entity that moved for relief from stay. Those claiming today to be holders of a note and deed of trust that is enforceable by foreclosure against the debtor's homestead cannot seem to take a consistent position and may well be asserting unfounded claims, at best.

## **CONCLUSION**

Debtor believes that his claim is viable and will prevail. The result may be a partial or complete extinguishment of the lien against his homestead. The result may or may not yield funds for the Chapter 7 estate if the claim is not abandoned. If the claim is abandoned the debtor will continue defending and asserting his claims in the state court foreclosure proceeding.

DATED this 23rd day of April, 2010.

/s/ Helmut Kah
Helmut Kah, WSBA # 18541
Attorney for the Debtor

**DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO ABANDON CLAIM**
Page 3 of 3

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: 206-234-7798
Email: helmut.kah@att.net
Washington Bar # 18541

Case 09-15167-SJS    Doc 38    Filed 04/23/10    Ent. 04/23/10 13:18:19    Pg. 3 of 3