RECEIVED
03 AUG -7 AM 9: 27
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

# SUPERIOR COURT OF WASHINGTON
# COUNTY OF KING

| | |
|---|---|
| COUNTRYWIDE HOME LOAN, INC., <br><br> Plaintiff, <br><br> v. <br><br> JACK C. CRAMER JR. AND JANE DOE CRAMER and All Occupants of the Premises located at 15605 63rd Avenue Northeast, Kenmore, WA 98028, <br><br> Defendant. | No. 02-2-23019-9 SEA <br><br> MEMORANDUM OF CR 2A SETTLEMENT AGREEMENT |

This agreement is made by and between the plaintiff and the defendants in settlement of the proceedings for unlawful detainer now pending in the above-entitled case. This agreement is signed by the parties as a binding CR 2A agreement.

1. The trial scheduled in this matter on Monday, July 14, 2003 shall be canceled and the above-referenced case dismissed.

2. Countrywide Home Loans, Inc. ("Countrywide") will clear all foreclosure including collections, late payments, and delinquencies reporting on Jack Cramer's ("Cramer") credit report from December 31, 2001 until the date of this agreement. Countrywide will not alter any credit reporting that pertains to collections or delinquencies prior to the original

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 1 of 8

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997



1  Notice of Default dated December 31, 2001. During the pendency of this agreement and until
2  a new foreclosure is begun as authorized by Paragraph 7, Cramer's credit report will reflect
3  his credit as of December 2001.

4      3.    Countrywide will report the changes in Cramer's credit report no later than July
5  16, 2003 and provide written proof to opposing counsel that this has been done.

6      4.    Countrywide will rescind the current Trustee's Deed issued to Countrywide on or
7  about June 14, 2002 and recorded under King County Recorder's No. 20020620002210. The
8  accuracy of the recording number listed in the preceding sentence shall not diminish
9  Countrywide's duty to rescind the trustee's deed.

10     5.    Cramer will execute any documents that are necessary to rescind the trustee's
11 deed that was issued to Countrywide on or about June 14, 2002 and recorded under King
12 County Recorder's No. 20020620002210.

13     6.    Countrywide will take no steps to begin foreclosure, including but not limited to
14 a Notice of Default and Notice of Sale or any service or reporting of said notices until sixty
15 days after Countrywide has received confirmation from each of the three credit bureaus and
16 provided said notice to opposing counsel by delivery via fax and courier with said
17 confirmation that the requested changes have been made, with the exception of those steps
18 referenced below.

19     7.    On or after the sixty days has elapsed as described in Paragraph 6, Countrywide
20 may re-start a new foreclosure by issuing a Notice of Default and will report the new
21 foreclosure to the appropriate credit bureaus.

22
23     8.    Countrywide will issue a breach letter no later than 30 days prior to re-

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 2 of 8

commencing foreclosure pursuant to #6 above. However, the breach letter will not be reported to any credit bureau.

9. Countrywide will waive all its foreclosure fees, costs, and expenses including attorney fees and trustee fees, incurred to date and any and all fees, costs, and expenses including attorney fees and trustee fees, associated with the instant unlawful detainer action case #02-2-23019-9 SEA. Countrywide waives all late charges and delinquency charges from December 31, 2001, through August 30, 2003. These amounts are not and will not be included in the amount necessary to reinstate the Cramer loan. Countrywide will not, however, waive any late charges and delinquency charges incurred prior to December 31, 2001.

10. Countrywide waives and has credited the amounts of $5,413.00, $5,521.26 and $311.00 as the amounts of hazard insurance charged to Cramer's loan account during the time period of June 28, 2002 until June 28, 2003. These amounts are not and shall not be included in the amount necessary to reinstate the Cramer loan. Cramer agrees that he is responsible to continually provide for hazard insurance on the subject property and provide written proof of said insurance to counsel for Countrywide. *Cramer agrees that this provision does not diminish Countrywide's right under the Deed of Trust to provide Hazard Insurance if Cramer fails to do so.*

11. The current reinstatement amount as of July 11, 2003 is $79,114.34 (the "principal reinstatement amount") and the current payoff balance as of July 11, 2003, is $349,292.06. The interest rate is $85.6157 a day, the contract rate. These amounts may increase with any property tax amounts that the lender pays hereafter in connection with the loan. King County property tax is paid in full as of the date of this agreement, and the 2nd half

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 3 of 8

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

Case 09-15167-SJS    Doc 38-1    Filed 04/23/10    Ent. 04/23/10 13:18:19    Pg. 3 of 9

1  of 2003 property tax is due October 31, 2003, in the amount of $1,899.40.

2      12. The rescission of the trustee's deed granted to Countrywide on June 14, 2002 in no way affects the validity of the Deed of Trust dated December 22, 2000 relating to the property located at 15605 63rd Ave. NE, Kenmore, WA 98028 and said Deed of Trust will be reinstated and continue to be a valid and existing first lien on the subject property.

    13. Jack Cramer, for his self, and for his heirs, executors, administrators, successors and assigns do hereby fully and forever remise, release and discharge Countrywide Home Loans, Inc. and its related corporations, affiliated companies, partnerships, partners, trusts, trustees, beneficiaries, predecessors, successors, assigns, directors, officers, employees, agents and attorneys from any and all claims, liabilities, actions, causes of actions, demands, rights, damages, costs, attorneys' fees, loss of profit, expenses and compensation, which Cramer claims to have or will have that are in any way related to the non-judicial deed of trust foreclosure commenced by Countrywide by Notice of Default dated December 31, 2001, against Cramer's property located at 15605 63rd Ave. NE, Kenmore, WA 98028 ("the Property"), or the instant unlawful detainer action, King County case #02-2-23019-9 SEA, including, without limitation, any and all claims asserted or which could have been asserted by Cramer in said actions as affirmative defenses or civil counterclaims, such as claims of alleged "bad faith", malicious prosecution, abuse of process, breach of the covenant of good faith and fair dealing, fraud, intentional and negligent infliction of emotional distress, intentional and negligent misrepresentation, personal injury, breach of any federal or state statutory duties, claims for lender liability, claims for exemplary and punitive damages, or damages for personal injury or emotional distress in any way related to the Property or the

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 4 of 8

Case 09-15167-SJS   Doc 38-1   Filed 04/23/10   Ent. 04/23/10 13:18:19   Pg. 4 of 9

Lawsuit. Cramer also agrees that he will not file any complaint with any Federal or State Court with regard to the disputes identified in this settlement agreement and/or any matters released. This release of claims by Cramer does not preclude Cramer from submitting a claim for a share of the settlement or award in any class action lawsuit commenced by others against Countrywide Home Loan, Inc. Cramer will not himself initiate, act as a named plaintiff, or participate as a plaintiff, in any class action lawsuit against Countrywide arising from claims which are based on vents that occurred prior to the effective date of this agreement, EXCEPT THAT Cramer may file a claim against the settlement or award recovered in any such class action lawsuit and may provide information and cooperate as necessary in connection with his claim against the settlement or award. Compliance with subpoenas and court orders is not prohibited by this paragraph.

14. Jack Cramer and Countrywide Home Loan, Inc. understand and agree that this Agreement is a compromise of disputed claims and that this Agreement is not to be construed as and is not an admission of liability on the part of the party or parties released.

15. It is further understood and agreed that Cramer intends to waive and hereby expressly waives all rights under California Civil Code Section 1542 and any similar law of any state or territory of the United States. Section 1542 reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

**GENERAL PROVISIONS:**

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 5 of 8

Case 09-15167-SJS    Doc 38-1    Filed 04/23/10    Ent. 04/23/10 13:18:19    Pg. 5 of 9

1. **Reading, Understanding, and Advisability.** This Agreement has been carefully read, and the contents hereof are known and understood by all, and it is signed freely by each person executing the Agreement. Prior to the execution of this Agreement by each party, each party has had the opportunity to receive independent legal advice by that party's attorneys with respect to the advisability of making the releases described herein and with respect to the advisability of executing this Agreement.

2. **Representations.** Except as expressly stated in this Agreement, no party hereto has made any statement or representation to any other party regarding any fact relied upon by the other party entering into this Agreement, and each party specifically does not rely upon any statement, representation or promise of any other party in executing this Agreement, except as expressly stated in this Agreement.

3. **Investigations.** To the extent possible, each party and its, his, or her attorneys have made such investigation of the facts pertaining to this settlement, this Agreement, and all matters pertaining thereto, as they deem necessary. The parties hereto agree and acknowledge that they, or any of them, may hereafter discover facts different from or in addition to those they, or any of them, now know or believe to be true with respect to the matters released and settled herein, and the parties specifically agree that all of the terms of this Agreement shall be and will remain effective in all aspects, regardless of such different or additional facts which may be learned.

4. **Integration.** This Agreement constitutes a single, integrated, written contract expressing the entire agreement of the parties hereto relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 6 of 8

1 by any party hereto, except as specifically set forth in this Agreement. All prior discussions
2 and negotiations have been and are merged and integrated into, and are superseded by this
3 Agreement.

4       5.      **Governing Law.** This Agreement shall be construed in accordance with, and
5 be governed by, the laws of the State of Washington.

6       6.      **Further Assurances.** Each of the parties hereto agrees to take such further
7 action and execute all such further documents as may be necessary or appropriate in order to
8 consummate the settlement and release contemplated hereby.

9       7.      **No Assignment.** The parties hereto hereby warrant and represent that they,
10 and each of them, have made no assignments, voluntary or involuntary, of all or any part of
11 the claims released herein to any other person or entity.

12       8.      **Drafting.** This Agreement shall be construed without regard as to which party
13 drafted the Agreement, and this Agreement shall be construed as if all parties hereto
14 participated equally in the drafting of the Agreement.

15       9.      **Survival.** Wherever possible, each provision of this Agreement shall be
16 interpreted in such a manner as to be valid under applicable law, but if any provision of this
17 Agreement shall be invalid, or prohibited there under, such provision shall be ineffective to
18 the extent of such prohibition without ~~validating the~~ invalidating the remainder of such provision or the
19 remaining provisions of this Agreement.

20       10.     **Attorney Fees.** In the event either party commences litigation to enforce this
21 agreement, the prevailing party shall recover its reasonable attorney fees, costs, and expenses
22 incurred in connection with such litigation both in the trial court and on any appeal.
23

ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 7 of 8

11. **Venue**: The venue for any litigation between the parties regarding this agreement shall be exclusively in the Superior Court of the State of Washington, County of King.

DATED this 11th day of July, 2003.



ROUTH CRABTREE FENNELL, P.S

By _____
Janaya L. Casavant, WSBA # 32715
Attorneys for Plaintiff


_____
Jack C. Cramer, Jr., Defendant


_____
Helmut Kah, WSBA # 18541
Attorney for Defendant Jack C. Cramer, Jr.


COUNTRYWIDE HOME LOAN, INC.


By _____
Dawn Ladny, Vice President
Countrywide Home Loans, Inc.

ROUTH CRABTREE FENNELL
A Law Firm and Professional Services Corporation
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
Telephone (425) 586-1900
Facsimile (425) 586-1997

MEMORANDUM OF CR2A SETTLEMENT AGREEMENT
Page 8 of 8

# ROUTH CRABTREE FENNELL
*A Law Firm and Professional Services Corporation*

3535 Factoria Blvd. SE, Suite 200
Bellevue, WA 98006
Telephone (425) 586-1900 ♦ Facsimile (425) 586-1997
EMAIL: JCASAVANT@RCFLEGAL.COM

---

### FACSIMILE TRANSMITTAL SHEET

---

TO: HELMUT KAH        COMPANY:

---

FAX NUMBER: (425) 487-4862    PHONE NUMBER:

---

FROM: JANAYA CASAVANT, DIRECT NUMBER: (425) 586-1991    DATE: 8/18/03
ATTORNEY
                    FAX NUMBER: (425) 283-5991

---

OUR FILE NO.                TOTAL PAGES, INCLUDING COVER: 9

---

RE: Jack Cramer Agreement

---

The information contained in this facsimile is confidential and may also be attorney-privileged. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by a collect telephone call to (425) 586-1900, and return the original message to us at the address above via the US Postal Service. Thank you.